# NO. 12-22-00045-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JASON THOMAS HAWKINS,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Jason Thomas Hawkins, acting pro se, filed a notice of appeal from a judgment in which sentence was imposed on December 13, 2021. In a criminal case, the appellant perfects an appeal by timely filing a sufficient notice of appeal. TEX. R. APP. P. 25.2(b). The notice of appeal must be filed (1) within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order, or (2) within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). The appellate court may extend the time for filing a notice of appeal if, within fifteen days after the deadline for filing the notice, the party files in the trial court the notice of appeal and files in the appellate court a motion complying with Rule 10.5(b). TEX. R. APP. P. 26.3.

Because sentence was imposed on December 13 and the case information sheet from the Smith County District Clerk reflects that no motion for new trial was filed, Appellant's notice of appeal was due on or before January 12. *See* TEX. R. APP. P. 26.2(a)(1). A motion for extension of time was due on or before January 27. Appellant filed his notice of appeal on February 25.

On March 9, the Clerk of this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to

file the notice of appeal. *See* TEX. R. APP. P. 26.2(a), 26.3. We informed Appellant that the appeal would be dismissed unless the information was amended on or before March 21 to show this Court's jurisdiction. On March 23, Appellant filed a document, which we construe as a motion for extension of time to file the notice of appeal, in which he claims to have "filed for appeals two other times within the first 30 days of receiving my sentence (the first being 12-15-21 and the second 12-27-21) but only ever got a response after my third letter."

But "appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." ***State ex rel. Lykos v. Fine***, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[1] *See* TEX. R. APP. P. 26.2, 26.3; *see also* ***Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because Appellant's notice of appeal was not timely filed and he did not file a motion for extension with this Court within the time prescribed by Rule 26.3, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***. *See **Olivo***, 918 S.W.2d at 522*; see also* TEX. R. APP. P. 43.2(f). All pending motions are ***overruled as moot***.

Opinion delivered March 31, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See **Ater v. Eighth Court of Appeals***, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also **Kossie v. State***, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2022**

**NO. 12-22-00045-CR**

**JASON THOMAS HAWKINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1843-20)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*